FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 4:12 pm, Jan 11, 2019

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SEAN KELLER SORRELLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV418-235 |
| | ) | |
| OFFICER BENJAMIN FORD, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Sean Keller Sorrells has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging ineffective assistance of counsel in his state court criminal case. Doc. 3 (contending that counsel improperly advised him to take a 20-year, serve 5 plea deal predicated on an improper recidivist enhancement for "simple possession," mandating resentencing). Pursuant to a Memorandum of Understanding between this Court and the Attorney General of State of Georgia, effective December 1, 2015, the Attorney General has agreed to accept electronic service of § 2254 petitions on behalf of respondents. The Attorney General further agreed that entry of an order to respond on the docket by the Clerk complies with the requirement of service of the petition on the respondent,

the Attorney General, or other appropriate officer and that service is accepted once the order is entered.

Respondent is **ORDERED**, within 60 days of this Order's entry on the docket (*i.e.*, within 60 days of service), to file a response and to show cause why the relief sought should not be granted. The answer shall conform to the requirements of Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts. Respondent shall furnish with the answer a copy of any trial transcripts, the transcripts of any state habeas corpus proceedings and orders of the state court denying the writ, and, if the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of all appellate briefs and of the opinion of the appellate court, if any.

Sorrells also seeks leave to file his § 2254 petition *in forma pauperis* (IFP). Doc. 2. Finding him indigent, the Court **GRANTS** his IFP motion. Finally, he seeks appointment of counsel. Doc. 3. Under 28 U.S.C. § 2254(h), the Court has authority to appoint counsel in habeas corpus proceedings. Such requests, however, are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" *Dean v. Barber*, 951 F.2d 1210, 1216 (11th

Cir. 1992) (*quoting Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Moreover, it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979) (cites omitted); *see also* DONALD WILKES, *Federal Postconviction Remedies and Relief Handbook* (1996 ed.) § 8-41 ("[t]he right to counsel clause of the sixth amendment [sic] does not secure an indigent the right to the appointment of counsel in a Section 2254 proceeding); *id*. (2006 ed.) § 2.2 (noting that if no evidentiary hearing necessary, appointment of counsel is discretionary).

Sorrells offers no justification for the appointment of counsel aside from his own indigency. Doc. 3. He has, conversely, demonstrated that he is able to concisely set forth his argument without assistance. Absent an articulation of either exceptional circumstance or need, and long before an evidentiary hearing has been contemplated, the Court declines to appoint counsel at this juncture. Should it later become apparent that the appointment of counsel is warranted, the Court will appoint counsel for petitioner *sua sponte*. *See* Rule 8(c), Rules Governing § 2254 Cases in the

United States District Courts. Sorrell's motion for appointment of counsel is **DENIED**.

**SO ORDERED**, this  11th  day of January, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA